UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RUNE KRAFT,<br><br>Plaintiff,<br><br>vs.<br><br>THE OFFICE OF THE COMPTROLLER OF THE CURRENCY, WELLS FARGO BANK, NATIONAL ASSOCIATION, DOES 1-10, INCLUSIVE,<br><br>Defendants. | 4:20-CV-04111-RAL<br><br>ORDER DENYING MOTION FOR CLARIFICATION |

After this Court issued its Opinion and Order Granting Motions to Dismiss, Doc. 33, pro se plaintiff Rune Kraft (Kraft) immediately filed a motion for clarification, Doc. 34. Indeed, this Court had not yet filed Judgment of Dismissal when Kraft filed his motion. In the motion, Kraft asks this Court (1) why it did not address 18 U.S.C. § 1964(c) in its opinion and order; (2) why it did not find the existence of federal question jurisdiction under 18 U.S.C. § 1964; and (3) whether Kraft could amend his complaint. Doc. 34 at 2.

The answer to Kraft's first two questions is simple. This Court did not address 18 U.S.C. § 1964 and whether § 1964 served as a basis for federal question jurisdiction because nowhere in his complaint did Kraft mention the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, nor did he allege any facts sufficient to state a claim under § 1962. See Doc. 1; see also Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("A district court . . . is not required to divine the litigant's intent and create claims that are not clearly raised,

1

and it need not conjure up unpled allegations to save a complaint." (cleaned up and citations omitted)). Indeed, the only time that Kraft mentions RICO is in his response brief to Wells Fargo's motion to dismiss. Doc. 17. Even then, Kraft provides no facts to support his allegations that Wells Fargo and its board of directors violated RICO. Rather, Kraft states, "*If needed*, Plaintiff *will* bring claims against Wells Fargo and its Board of Directors based on conspiring to commit mail fraud, wire fraud and obstruction of justice in violation of the RICO conspiracy statute." Doc. 17 at 5 (emphasis added). As Kraft's complaint did not allege a claim under RICO, this Court was under no obligation to create claims not clearly raised or conjure up unpled allegations to save Kraft's complaint from dismissal.

Kraft next seeks clarification whether he can amend his complaint. "Although a pretrial motion for leave to amend one's complaint is liberally granted, different considerations apply after dismissal." Dorn v. State Bank of Stella, 767 F.2d 442, 443 (8th Cir. 1985) (per curiam). "[A]fter a court dismisses a complaint, a party's right to amend under Rule 15 terminates." Geier v. Missouri Ethics Comm'n, 715 F.3d 674, 677 (8th Cir. 2013). Leave to amend may still be granted by the district court; however, the court does not abuse its discretion by denying leave to amend "if the proposed changes would not save the complaint." Humphreys v. Roche Biomedical Lab'ys, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993) (citation omitted); see also Adams v. Am. Fam. Mut. Ins. Co., 813 F.3d 1151, 1155 (8th Cir. 2016) ("A district court does not abuse its discretion when it denies plaintiffs leave to amend the pleadings to change the theory of their case after the complaint has been dismissed under Rule 12(b)(6)." (cleaned up and citation omitted)).

The timing of Kraft's motion is unique. Kraft's motion was filed after the opinion and order granting dismissal, but before this Court filed any judgment of dismissal. In the opinion and order, this Court noted the possibility of a negligence claim, contemplating dismissal without

prejudice to such a claim as to Wells Fargo. For now, this Court will enter judgment of dismissal only as to the Office of the Comptroller of the Currency.

At this point in time, Kraft has not filed a motion for leave to amend his complaint. If and when Kraft files such a motion, he must comply with D.S.D. Civ. LR 15.1, which states:

> any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified. If the court grants the motion, the moving party must file a clean original of the amended pleading within 7 days.

Only when Kraft's motion for leave is properly before this Court will the Court consider whether to exercise its discretion to grant or deny Kraft leave to amend his complaint.

Therefore, it is hereby

ORDERED that to the extent that Kraft's motion for clarification, Doc. 34, requests that this Court reconsider its prior ruling, the motion is denied. It is further

ORDERED that, if Kraft wishes to seek leave to amend his complaint, he has fourteen days from the date of this order to file pleadings complying with D.S.D. Civ. LR 15.1 and that this Court will withhold entry of judgment of dismissal as to the claims against Wells Fargo in the interim.

DATED this 7th day of April, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE