UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RUNE KRAFT,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE OF THE COMPTROLLER OF CURRENCY, WELLS FARGO BANK NATIONAL ASSOCIATION, AND DOES 1-10, Inclusive,<br><br>Defendants. | 4:20-CV-04111-RAL<br><br>**OPINION AND ORDER DENYING MOTION FOR LEAVE TO AMEND** |

Rune Kraft filed this pro se lawsuit against the Office of the Comptroller of Currency (the OCC) and Wells Fargo Bank, N.A. (Wells Fargo). Doc. 1. Construed liberally, Kraft's complaint alleged that both defendants had violated federal law and that Wells Fargo had committed breach of contract, promissory estoppel, and fraudulent misrepresentation. Doc. 1. Both the OCC and Wells Fargo filed motions to dismiss for lack of subject matter jurisdiction and failure to state a claim. Docs. 15, 20. This Court issued an opinion and order granting both defendants' motions to dismiss. Doc. 33. In that opinion and order, this Court ordered that the case was dismissed with prejudice against the OCC, but without prejudice to Kraft re-filing a negligence claim against Wells Fargo. Doc. 33 at 20.

After this Court issued its opinion and order granting the motions to dismiss, Kraft filed a motion for clarification. Doc. 34. In that motion, he asked if he could amend his complaint to include a civil RICO claim against Wells Fargo. Doc. 34. In an order denying his motion for

1

clarification, this Court instructed Kraft that he needed to file a motion for leave to amend his complaint and attach the proposed amended complaint to his motion. Doc. 35 at 3. Only then would this Court rule on his request. Doc. 35 at 3. The Court also noted that it would enter judgment for the OCC, but withhold entering judgment for Wells Fargo. Doc. 35 at 2–3. Thereafter, Kraft filed a motion for leave to amend his complaint, Doc. 38, and attached the proposed amended complaint thereto, Doc. 38-1. Now that Kraft's motion is properly before this Court, this Court denies the motion for the reasons explained herein.

I.   Discussion

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleadings once as of right. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleadings with the court's permission. Fed. R. Civ. P. 15(a)(2). While normally permission to amend one's complaint should be liberally granted, "different considerations apply to motions filed after dismissal." Dorn v. State Bank of Stella, 767 F.2d 442, 443 (8th Cir. 1985) (per curiam).

For example, the Eighth Circuit has commented that it is inappropriate to grant a motion for leave to amend if "dismissal of the complaint also constitutes dismissal of the action." Geier v. Mo. Ethics Comm'n, 715 F.3d 674, 677 (8th Cir. 2013) (cleaned up and citation omitted). Dismissal of a complaint constitutes dismissal of the action "when it states or clearly indicates that no amendment is possible—e.g., when the complaint is dismissed with prejudice or with express denial of leave to amend—or when circumstances otherwise indicate that no amendment is possible—e.g., when the limitations period has expired." Id. (quoting Whitaker v. City of Houston, 963 F.2d 831, 835 (5th Cir. 1992)). The distinction between dismissal of a complaint and dismissal of the entire action often turns on whether the court intended the dismissal to be a final, appealable order. Id.

Here, Kraft seeks to amend his complaint as against both defendants.[1] This Court first concludes that Kraft cannot amend his complaint against the OCC. In this Court's Opinion and Order Granting Motions to Dismiss, this Court granted the OCC's motion to dismiss "with prejudice." Doc. 33 at 20. After this Court issued its Opinion and Order Granting Motions to Dismiss, Kraft immediately filed a motion for clarification.[2] This Court denied that motion in an order dated April 7, 2021. Doc. 35. In that order, this Court explained that it would enter a final judgment for the OCC and against Kraft. Doc. 35 at 3. The Court intended to enter that judgment on the same day that it issued that order; however, it did not enter the judgment until April 29, five days after Kraft had filed his motion for leave to amend. See Docs. 38, 41. Nonetheless, this Court made it clear that dismissal of the complaint against the OCC constituted dismissal of the entire action against the OCC. Therefore, Kraft's motion for leave to amend his complaint against the OCC is appropriately denied.

This Court next considers whether Kraft can amend his complaint against Wells Fargo. In this Court's Opinion and Order Denying Motions to Dismiss, this Court granted Wells Fargo's motion to dismiss "without prejudice to Kraft . . . re-filing a negligence claim under state or common law." Doc. 33 at 20. Then in this Court's order denying Kraft's motion for clarification, this Court explained that Kraft could file a motion for leave to amend his complaint in order to add a claim for negligence against Wells Fargo. Doc. 35 at 2–3. This Court did not say whether such a motion would be granted.[3] Doc. 35 at 3. Although this Court has not entered a final judgment

---

[1] In response to the OCC's motion to be removed as a named defendant in Kraft's proposed amended complaint, Doc. 39, Kraft stated that he was "still chewing on the Court's decision to dismiss the claims against the OCC with prejudice on April 5, 2021," Doc. 40 at 2.

[2] A "motion for clarification" is not a motion authorized by the Federal Rules of Civil Procedure.

[3] Wells Fargo alleges that a negligence claim is barred by the statute of limitations. Doc. 44 at 9 n.6. However, whether a negligence claim is time-barred is not an issue before this Court.

3

for Wells Fargo and against Kraft, both the Court's prior rulings indicated that an amendment for any purpose other than to add a negligence claim was not possible. Kraft now seeks to amend his complaint to add a civil RICO claim, not a negligence claim. Doc. 38. That Kraft seeks to add a claim not contemplated by either of this Court's rulings is by itself an appropriate basis on which to deny Kraft's motion. See Geier, 715 F.3d at 677 ("Granting . . . a motion for leave to amend is inappropriate . . . if the district court has indicated . . . that no amendment is possible . . . ." (cleaned up and citation omitted)).

However, there are additional reasons to deny Kraft's motion for leave to amend. First, the Eighth Circuit has stated that a "district court does not abuse its discretion when it denies [a] plaintiff[] leave to amend the pleadings to change the theory of [his] case after the complaint has been dismissed under Rule 12(b)(6)." Adams v. Am. Fam. Mut. Ins. Co., 813 F.3d 1151, 1155 (8th Cir. 2016) (cleaned up and citation omitted). "The plaintiff must bear the consequences of waiting to address the court's rulings post-judgment." Briehl v. Gen. Motors Corp., 172 F.3d 623, 629 (8th Cir. 1999) (citing First Nat'l Bank of Louisville v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago, 933 F.2d 466, 468 (7th Cir. 1991)). In other words, a plaintiff cannot wait and see if the theories originally alleged in his complaint are successful before alleging additional theories that could have been raised initially. Id.; Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550–51 (8th Cir. 1997) ("[A] district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for the failure to present the new theory at an earlier time." (citation omitted)). Rather, the plaintiff must "anticipate the possibility of losing, and act accordingly." First Nat'l Bank of Louisville, 933 F.2d at 469.

Here, Kraft has no good reason for failing to plead his civil RICO claim right away. He readily admitted that he was waiting to see whether this Court would grant Wells Fargo's motion to dismiss, and only if the motion was granted would he then bring his civil RICO claim. See Doc. 17 at 5 ("*If needed*, Plaintiff will bring claims against Wells Fargo and its Board of Directors based on conspiring to commit mail fraud, wire fraud and obstruction of justice in violation of the RICO conspiracy statute." (emphasis added)). The Eighth Circuit, along with other circuits, expressly disapproves of this wait-and-see approach. See Briehl, 172 F.3d at 629; First Nat'l Bank of Louisville, 933 F.2d at 469. Thus, this Court may deny Kraft's motion for leave to amend since his theory could have been raised at the outset of this litigation.

This Court may also deny Kraft's motion because the proposed amendment is futile. Wells Fargo contends that Kraft's proposed amendment is futile for at least five reasons, one of which is that his civil RICO claim is time-barred. Doc. 44 at 5. This Court agrees. Regardless of when leave to amend is sought, it is always true that a court may deny the motion if the proposed amendment would be futile. Ingrim v. State Farm Fire & Cas. Co., 249 F.3d 743, 745 (8th Cir. 2001); see also Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993) ("It is settled law that district courts may properly deny leave to amend if the proposed changes would not save the complaint."). The proposed amendment is futile if the amended complaint would not survive a Rule 12(b)(6) motion to dismiss. Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010). "A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." Humphrey v. Eureka Gardens Pub. Facility Bd., 891 F.3d 1079, 1081 (8th Cir. 2018) (citation omitted). "[T]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings,

and matters of public record." Roe v. Nebraska, 861 F.3d 785, 788 (8th Cir. 2017) (cleaned up and citation omitted).

Kraft seeks to amend his complaint to include a civil RICO claim. The statute of limitations for civil RICO claims is four years. Anderson v. Wells Fargo Bank, N.A., 266 F. Supp. 3d 1175, 1192 (D.S.D. 2017); Waldner v. N. Am. Truck & Trailer, Inc., 277 F.R.D. 401, 406 (D.S.D. 2011) (citing Agency Holding Corp. v. Malley-Duff & Assocs., 483 U.S. 143, 156 (1987)). The Eighth Circuit and this Court follow the "injury discovery rule" to determine when the statute of limitations begins to run on a civil RICO claim. See Hope v. Klabal, 457 F.3d 784, 790 (8th Cir. 2006); Waldner, 277 F.R.D. at 407. Under the injury discovery rule, the statute of limitations begins to run when the plaintiff knows or should know of his injury underlying the civil RICO claim. Anderson, 266 F. Supp. 3d at 1192; Waldner, 277 F.R.D. at 407. The injury discovery rule also provides that "a new cause of action accrues for each new and independent injury, even if the RICO violation causing the initial injury happened more than four years before." Waldner, 277 F.R.D. at 407 (citation omitted). However, non-independent injuries will not cause a new cause of action to accrue. Id. Indeed, a "new predicate act does not necessarily create a new injury for the separate accrual rule." Id. (cleaned up and citation omitted).

Kraft's new claim is barred by the statute of limitations. In this lawsuit, Kraft alleges that in 2007 and 2008, certain individuals opened six different banking accounts at Wells Fargo on behalf of three different companies belonging to Kraft: ServicePartner, Inc., the 24-7 Group of Companies, Inc., and Artesia, Inc. Doc. 1-38 at 3–6. Kraft alleges that Wells Fargo failed to verify that these individuals had the authority to open these accounts on behalf of his companies in disregard of Wells Fargo's policy to examine both a company's articles of incorporation and a corporate resolution to verify that the individual opening the account has a relationship to the

company. Doc. 1-38 at 3–6. At some point, these individuals either transferred or withdrew that amount from the accounts without authorization. Doc. 1-38 at 3–6. This is the injury underlying Kraft's civil RICO claim.

Public records establish that Kraft discovered this injury no later than 2013. See Roe, 861 F.3d at 788 (affirming dismissal under Rule 12(b)(6) after public records established that the plaintiff had discovered his injury outside of the statute of limitations). On March 14, 2013, the 24-7 Group of Companies, Inc., filed an amended complaint against Wells Fargo and other individuals in Nevada state court. Doc. 48-1. In the amended complaint, the 24-7 Group of Companies, Inc. alleges that certain individuals "opened at least one bank account in the name of 24-7 Group at Wells Fargo." Doc. 48-1 at ¶ 17. 24-7 Group of Companies, Inc., further alleges that these individuals did not have authorization to open this account, and that Wells Fargo failed to verify that they had authorization in violation of its own policy. Doc. 48-1 at ¶¶ 18–22. The amended complaint also contains allegations that these certain individuals "may have entered into other contracts, conducted business, and received and disbursed other funds to other third parties on behalf of 24-7 Group or its affiliates Servicepartner, Inc. and Artesia, Inc. without authorization." Doc. 48-1 at ¶ 24. Additional public records establish that Kraft was involved with this particular lawsuit. Docs. 48-2, 48-3. Thus, Kraft discovered his injury more than four years before he commenced this lawsuit. See Warden v. Barnett, 252 F.3d 1356, 1356 (5th Cir. 2001) (concluding that the filing of a previous lawsuit proves the plaintiff was aware of the injury underlying his civil RICO claim).

Furthermore, there has been no new and independent injury that would cause a new cause of action to accrue. Kraft alleges that within four years before he commenced this lawsuit, Wells Fargo promised Congress, the OCC, and the public that it would "make things right." Doc. 38-1

at 112–114. Kraft alleges that Wells Fargo has since failed to make things right with him. Doc. 38-1 at 116, 131. But the failure to take remedial measures is not a new and independent injury but instead ties back to the original injury. See Klehr v. A.O. Smith Corp., 521 U.S. 179, 190 (1997) (finding that the separate accrual rule did not apply because plaintiffs had not "shown how any new act could have caused them harm over and above the harm that the earlier acts caused"); Anderson, 266 F. Supp. 3d at 1194 (finding that plaintiffs had not alleged a new and independent injury because their "assertions tie back to the original injuries . . . and fail to set forth a new injury"). Therefore, such allegations do not save Kraft's civil RICO claim. See Waldner, 277 F.R.D. at 408 ("The statute of limitations clock begins when [the plaintiff] should have discovered the initial injury and does not 'reset' every time [the plaintiff] discovers a new act that is part of the conspiracy."). Because this Court finds that Kraft's civil RICO claim is time-barred, it need not consider Wells Fargo's other arguments as to why Kraft's proposed amendment is futile. For all of the reasons discussed above, Kraft's motion for leave to amend his complaint is denied as against all defendants.

This Court back on April 5, 2021, issued an Opinion and Order Granting Motions to Dismiss. Doc. 33. This Court then entered Judgment of Dismissal in favor of the OCC. Doc. 41. As explained above, this Court left open for Kraft to seek to amend the complaint against Wells Fargo to try to state a negligence claim. Doc. 33 at 20. Kraft chose not to do so, but filed instead a 177-page proposed amended complaint alleging just a civil RICO theory. Doc. 38-1. At this point, having given Kraft the rare opportunity to seek to amend his complaint post-dismissal to state a negligence claim and Kraft having foregone that opportunity to instead file a proposed amended complaint with a non-viable civil RICO claim, this Court will proceed to enter judgment of dismissal in favor of Wells Fargo. Kraft then can appeal if he believes that this Court has erred.

II.  **Conclusion**

For the reasons contained herein, it is hereby

ORDERED that Kraft's Motion for Leave to Amend, Doc. 38, is denied.

DATED this 28th day of July, 2021.

                        BY THE COURT:

                        ROBERTO A. LANGE
                        CHIEF JUDGE